UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN CLAY,

        Plaintiff,

    v.

PHYLLIS M. LAKE and JEANNINE
L. MACLEOD,

        Defendants.

_____/

Case No. 2:04-CV-45

Hon. Richard Alan Enslen

**OPINION**

    This matter is before the Court on Plaintiff Steven Clay's and Defendants Phyllis M. Lake and Jeannine L. Macleod's Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of February 8, 2006 ("Report"). The Report recommended a grant, in part, of Defendants' Motion to Dismiss and for Summary Judgment. This Court now reviews the Report, the parties' Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(C).

    On October 24, 2001, and in response to the anthrax mail scares following the September 11, 2001 terrorist attacks, the Michigan Department of Corrections ("MDOC") revised its legal mail policy. Prisoners were no longer permitted to request that their legal mail be opened in their presence. Rather, legal mail was examined in a designated area of the facility and returned to its original envelope. MDOC mail clerks performing mail inspections were required to catalogue all incoming legal mail that had been addressed to an inmate who had previously made a special handling request. On April 29, 2002, the parties in *Hadix v. Johnson*, 4:92-CV-110 and *Knop v. Johnson*, 1:84-CV-651, stipulated as part of a consent decree that the MDOC's post-September 11

legal mail policy was permissible. This Court entered that stipulation on May 2, 2002. On September 18, 2003, the Sixth Circuit Court of Appeals decided *Sallier v. Brooks*, 343 F.3d 868 (6th Cir. 2003). In *Sallier*, the Court of Appeals determined that a prisoner's legal mail from courts and attorneys had to be opened in the prisoner's presence. *Id.* at 877. In light of *Sallier*, this Court determined that the MDOC post-September 11, 2001 legal mail policy was unconstitutional. *See Mallory-Bey v. MDOC, et al.*, No. 1:04-CV-137 (W.D. Mich. Apr. 15, 2005).

Plaintiff was an inmate incarcerated within the MDOC and was recently paroled. Plaintiff brought this suit pursuant to 42 U.S.C. § 1983 and alleged that Defendants, MDOC mail clerks, unlawfully opened his legal mail and read it outside his presence on May 27, 2003; June 4, 2003; July 3, 2003; August 14, 2003; August 21, 2003; and October 17, 2003. The mail was addressed to Plaintiff and was clearly marked as being sent from the Third Judicial Circuit of Michigan, the State Appellate Defender's Office, and the Honorable Timothy M. Kenney. Plaintiff believes Defendants' conduct violated his rights under the First Amendment to the United States Constitution. Defendants moved to dismiss the suit and for summary judgment.[1] Ultimately, Judge Greeley recommended a grant of summary judgment in Defendants' favor on all of Plaintiff's claims, except for his claim arising out of his legal mail received on October 17, 2003. Defendants objected to the Report on two grounds. Plaintiff objected on one ground.

Defendants' first objection is that summary judgment in their favor was proper on all of Plaintiff's claims for a variety of reasons. Defendants contend that under *Sallier*, Plaintiff's October 17, 2003 letter from the State Appellate Defender's Office does not qualify as legal mail.

---

[1] Judge Greeley reviewed Defendants' Motion as seeking summary judgment only because Defendants requested the Court consider matters outside the pleadings. *See* FED. R. CIV. P. 12(b).

Defendants concede that the letter originated from a legal source but suggest that because it was simply a notice concerning the appointment of an attorney, it has little to do with protecting the attorney-client relationship and should not be considered legal mail. The Court disagrees.

In *Sallier*, the Court of Appeals labeled twenty pieces of mail the prisoner-plaintiff had received over a two-year period with the letters "A" through "T." A letter from the State Appellate Defender's Office and addressed to the plaintiff was labeled "I." The Court of Appeals expressly held that the correspondence labeled "I" was considered legal mail. *Sallier*, 343 F.3d at 877. If that were not enough, the court went on to make clear "that as a matter of law, mail from an attorney implicates a prisoner's protected legal mail rights," *Id.* at 877-78 (citations omitted), and "[m]ail from a prisoner's attorney is always included in" the definition of legal mail. *Id.* at 877. The October 17, 2003 letter from the State Appellate Defender's Office is legal mail. Therefore, Defendants' are not entitled to summary judgment on this ground.

Defendants also contend that because Plaintiff has not shown that Defendants read his mail, summary judgment must issue in their favor. This contention misapprehends *Sallier*. The principle espoused in *Sallier* is that prisoners have the right to have their legal mail opened in their presence (in addition to not having the legal mail read). *Id.* It is enough to survive summary judgment to show that a prisoner's legal mail was opened outside his presence. Prisoners are not also required to prove that their legal mail was read. *Id.* at 872 ("Sallier did not allege that any of the mail was actually read by prison employees, only that it was delivered to him already opened."). Defendants never suggest that Plaintiff's legal mail was opened in his presence, and consequently, they are not entitled to summary judgment on this ground.

Defendant Macleod also individually requests that summary judgment be entered in her favor because the mail log shows that she did not open the October 17, 2003 letter from the State Appellate Defender's Office. A review of the evidence supports that contention. The mail log shows that Defendant Lake opened the letter. Plaintiff has not suggested otherwise.[2] Therefore, the Court will grant summary judgment in Defendant Macleod's favor on Plaintiff's claims.[3]

Defendants' second objection is that they should have been accorded qualified immunity. Qualified immunity protects government officials from monetary liability unless they violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a three-step inquiry. First, the Court determines whether the facts viewed in the light most favorable to Plaintiff show that a constitutional violation has occurred. Second, the Court considers whether the complained of violation involved a clearly established constitutional right of which a reasonable person would have known. Third, the Court determines whether Plaintiff has offered sufficient evidence "to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citations omitted). Defendants second objection attacks the second step in the analysis and argues that it was not clearly established that the MDOC policy was unconstitutional on October 17, 2003.

---

[2] Although this is the first instance in which Defendant Macleod has made any individual claim for summary judgment, Plaintiff was given the opportunity to respond to Defendants' Objections and did not do so. FED. R. CIV. P. 72(b).

[3] Defendants further argue for summary judgment and contend that it was unreasonable to ask the MDOC to digest and disseminate the requirements of *Sallier* to MDOC employees within one month. Defendants also suggest that because they were merely following MDOC policy, they are entitled to summary judgment. These arguments are better suited for qualified immunity and will be discussed in relation to Defendants' second objection.

Defendants observe that *Sallier* was decided on September 18, 2003, and Plaintiff's legal mail from the State Appellate Defender's Office was opened on October 17, 2003. Defendants urge that there was not enough time for the MDOC to adapt to the *Sallier* decision before October 17, 2003 (*i.e.*, it was not clearly established), and it is unreasonable to expect MDOC mail room employees to be aware of a right one month after it was announced. The Sixth Circuit has determined that a "court should apply a rule of reason" when determining the exact moment a decision clearly establishes a constitutional right. *Lintz v. Skipski*, 25 F.3d 304, 306 (6th Cir. 1994); *see also Miller v. City of Columbus*, 920 F. Supp. 807, 824 (S.D. Ohio 1996). Time frames as little as twelve days have been found sufficient time to have read and digested a holding. *Lintz*, 25 F.3d at 306 (citing *Arebaugh v. Dalton*, 730 F.2d 970, 973 (4th Cir. 1984)). However, an eleven day period has been seen as an insufficient adjustment period. *Id.* (citing *Schlothauer v. Robinson*, 757 F.2d 196, 197-98 (8th Cir. 1985)).

Before the Court of Appeals, *Sallier* was argued and briefed by two Assistant Michigan Attorneys General, working in that office's corrections division. Thus, it is reasonable to expect that the MDOC's director was informed of the decision and made aware of *Sallier*'s policy ramifications within a few days of publication, if not immediately. With all the speed and ease with which electronic information can now be disseminated, it is not unreasonable to expect the MDOC to inform its mail room clerks of *Sallier*'s requirements within a few weeks. Consequently, it was clearly established law that on October 17, 2003, after making an appropriate request, a prisoner's presence was required when his legal mail was opened and inspected. Defendants are not entitled to qualified immunity and their objections on this ground will be denied.

Plaintiff's single objection is that the Report erroneously failed to consider Sixth Circuit precedent prior to *Sallier*, and therefore, he believes all six legal mail incidents are actionable. The Court disagrees. As noted earlier, the Court expressly accepted the MDOC's post-September 11 legal mail policy under the consent decrees entered in *Hadix* and *Knop*. Thereafter, the Sixth Circuit decided *Sallier*, which completely undermined the validity of the MDOC's post-September 11 legal mail policy. Thus, prior to *Sallier* Plaintiff had no cause of action for the legal mail incidents occurring before September 18, 2003, because Defendants and the MDOC were merely operating under a valid consent decree. Only incidents occurring after September 18, 2003 (*i.e.*, the October 17, 2003 incident), presented a cognizable constitutional injury. Therefore, Plaintiff's Objection will be denied. A Partial Judgment consistent with this Opinion shall enter.

DATED in Kalamazoo, MI:    /s/ Richard Alan Enslen
    April 7, 2006    RICHARD ALAN ENSLEN
        SENIOR UNITED STATES DISTRICT JUDGE